UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____7/13/2022
```

_____x

RAMON JAQUEZ,

      Plaintiff,

  -against-                                  22-cv-2673 (CM)

BEST CHOICE PRODUCTS, INC.,

      Defendant.

_____x

RESPONSE TO LETTER FROM PLAINTIFF'S COUNSEL DATED JULY 11, 2022

McMahon, J.:

    This is an ADA lawsuit alleging that a web site is not accessible to visually impaired persons.

    Presently before the Court is Defendant's motion to dismiss the complaint – in this case, a motion to dismiss on the ground that the court lacks jurisdiction. Defendant filed that motion on June 6, 2022. (Docket No. 16). Plaintiff has responded to the motion by filing a letter indicating Plaintiff's intent to respond to the complaint by filing an amended complaint to "address[] all of the alleged deficiencies in the Complaint." (Docket No. 19). In that letter, which is dated June 16, Plaintiff's attorney advised the Court that the Plaintiff would be serving said amended complaint by June 21, 2022. The letter specifically invoked Fed. R. Civ. P. 15(a)(1)(B).

    It is permissible for a plaintiff to respond to a motion to dismiss by filing an amended complaint; no permission from the court is needed as long as the filing is timely made – which is to say, within 21 days following service of a motion to dismiss. See Fed. R. Civ. P. 15(a)(1)(B). Twenty-one days from the date when the motion to dismiss was properly filed on ECF was June 27, 2022 – six days after the date by which Plaintiff's attorney promised to file an amended complaint. However, no amended pleading was filed by the close of business on June 27. Plaintiff's attorney attempted to file an amended complaint on July 5, but the Clerk of Court rejected the filing, and properly so, since leave of court is required to file an amended pleading in response to a motion to dismiss once that 15-day period has expired. (See Docket No. 20).

    My memo endorsement, written on the June 16 letter after my return from vacation, denied Plaintiff permission to file an amended pleading in response to the motion to dismiss and directed Plaintiff to file a response on the merits to the motion to dismiss. By letter dated July 11 (Docket No. 22), Plaintiff more or less asked the Court to reconsider that ruling. I decline to do so.

The Court has seen this gambit before. Plaintiff's law firm, Mizrahi Kroub LLP, has filed approximately 24 visual impairment web site ADA cases that have been assigned to my docket since the first of the year. Most quickly settled; a few are being litigated. My review of the docket (and I may have missed a case or two) reveals at least two cases in which motions dismiss were made. Both motions were met with a letter more or less identical to the letter quoted above, promising to file an amended complaint "addressing all of the alleged deficiencies in the Complaint . . . to save the Court and parties from expending resources in unnecessary motion practice." (*See* Docket No. 19). In the case I recall most clearly, as in this case, no amended complaint was filed within the time limit imposed by Fed. R. Civ. P. 15(a)(1)(B); neither was any response filed to the motion on the merits. At defendant's request, the court is treating plaintiff as being in default on the motion in that case, and is presently considering the motion on the merits as unopposed. *See Abreu v. Gleam Holdings, Inc.*, No. 22-cv-01331 (CM).[1]

This Court views these letters as a de facto concession that the complaint filed at the commencement of the case is defective, since it would not be necessary to file an amended complaint if there were no "deficiencies" in the original pleading – one would simply respond to the motion to dismiss on the merits and point out that there were in fact no "deficiencies" at all. Moreover, this ostensibly polite form of letter ignores the fact that the "alleged deficiencies" that the Plaintiff is going to "address" in an amended pleading have already occasioned what is, from the perspective of the defendant, "unnecessary motion practice." After all, in each such case, the defendant filed a motion to dismiss, at a cost of time and money, which motion would never be decided if an amended pleading were filed.

Of course, I recognize that Rule 15 provides for the filing of an amended complaint in response to a motion to dismiss. But that rule sets strict time limits for filing such a pleading as of right. Because granting an absolute right to file an amended complaint after a motion to dismiss is made gives rise to the possibility of abuse, this Court insists that those time limits be adhered to strictly. If they are not, either the plaintiff must make a motion for leave to amend the complaint pursuant to Fed. R. Civ. P. (a)(2), or the plaintiff must respond to the motion to dismiss on the merits.

In this particular case, as the time limit for filing an amended complaint as of right passed two weeks ago, the Court has directed Plaintiff to respond to the motion to dismiss on the merits. If he does not do so by the close of business on July 20, 2022 – one week from today – the Court will treat this case as it is treating *Gleam*: I will deem the motion submitted without opposition and decide it on the merits.

I note that, in this case, the defendant apparently alleges in its motion to dismiss that the action is moot because the alleged deficiencies in the web site have been corrected. But as Plaintiff correctly recognizes, a post-complaint correction to a web site does not "moot" this lawsuit. It is highly likely that the original complaint states a viable claim for damages – albeit perhaps not for injunctive relief – as long as the web site was not accessible to a visually impaired person at the time the action was filed. (*See* Docket No. 22, at page 2). It may even prove to be the case that a

---

[1] Any effort to file a belated response to the motion to dismiss in *Gleam* – or to file a belated amended complaint – will be met with an order striking the filing.

claim for injunctive relief can be added at some later date, if the web site remains inaccessible despite the defendant's post-complaint efforts at remediation.

Nonetheless, it seems to be a pattern and practice of Plaintiff's law firm to amend a pleading in order to plead around post-complaint changes in a defendant's web site, rather than respond to the motion to dismiss. Indeed, counsel claims to have "generally done this" in the face of corrective action by the people he sues, with good results. (*Id.*, at page 3). That course of action may be perfectly fine with some of my colleagues; it is not fine with me. If Plaintiff's counsel wishes to avail himself of Rule 15's "amend as of right" privilege in cases assigned to my docket, he will have to meet the deadline in the rule or he will lose the right to file an amended pleading without first obtaining the Court's permission – which I may or may not grant. In neither this case nor in *Gleam* has counsel complied with Rule 15. Therefore, he has lost his client's right to file an amended pleading as of right. Treating the July 11 letter as a motion for leave to file an amended pleading out of time (which it is not, but I will so treat it), I deny the motion. I have instead given Plaintiff a grace period to respond to the motion to dismiss on the merits. He should take advantage of my offer. The deadline will not be extended.

Dated: July 13, 2022

U.S.D.J.

BY ECF TO ALL COUNSEL